## STATE v. WILLIAM MESSIMER.

The rule in regard to circumstances (offered as evidence on a criminal trial) is, that each circumstance must be as distinctly proved as if the whole case turned upon it; and each circumstance so proved must, taken in connection with other circumstances, *tend* to prove the defendant's guilt.

This was an INDICTMENT for Murder, tried at the Spring Term, 1876, of IREDELL Superior Court, before his Honor, Judge FURCHES.

The prisoner was charged with the wilful murder of his mother-in-law, an old woman of seventy-two or three years of age, by name Sarah Heilig, in the County of Rowan, in May, 1875. His trial was removed from Rowan to Cabarrus upon his own affidavit, and thence to Iredell, and there tried as above stated.

The evidence tending to connect the prisoner with the homicide was entirely circumstantial, the State introducing some forty witnesses. The prisoner introduced no witness; and although objecting on the trial below to much of the evidence introduced for the prosecution, on frivolous and untenable ground, the real and principal exceptions relied on by the prisoner are few and are fully stated in the opinion of Justice READE.

It is, therefore, deemed unnecessary to set out the evidence in this report, which necessarily, from the number of witnesses, fills many pages of his Honor's statement.

On the trial below the prisoner was found guilty. Rule for a new trial upon the exceptions stated in the opinion of the Court; rule discharged. Judgment and appeal by the prisoner.

*Clark*, for the prisoner.
*Attorney General Hargrove*, for the State.

25

Reade, J.  It is stated in the case that the evidence to connect the defendant with the homicide was " entirely circumstantial," and that there were forty odd witnesses for the prosecution.  We have carefully examined the numerous exceptions taken by the defendant, to see if any incompetent testimony had been admitted against him, and we are obliged to say that we find none.  The rule in regard to circumstances is that each circumstance must be as distinctly proved as if the whole case turned upon it; and each circumstance so proved, must, taken in connection with the other circumstances, *tend* to prove the defendant's guilt.

There is nothing which indicates that this rule was violated on the trial.  The defendant sends up for our consideration the following exceptions.

(1.) To evidence that the deceased had money without fixing the defendant with knowledge of it.

The deceased was the mother of the defendant's wife, who a short time before the homicide was threatening to leave the defendant and go to her mother, if he did not provide better for her.  He replied that he would provide better in about a fortnight.  He then had no money, and left home saying he was going to hunt work.  He did not return home until the day of the homicide when he brought with him some calico and a few other articles and a small sum of money, all of which he gave to his wife, saying it was all he had.  A few days after the homicide he was seen with money.  There was evidence tending to show that his tracks were seen near the house of the deceased, and there was other evidence tending to show that he had been about there the morning of the homicide.  These circumstances were offered, not as of themselves proving the guilt of the defendant, but as links in the chain of evidence.  And it is apparent that they were important.

(2.) The defendant was arrested away from home and tried; and while waiting for the railroad cars he said,

" These men think I am guilty, but I think I can prove that I was at China Grove that morning."

This he excepts to as having been extorted from him by his situation. But the remark was voluntary. There was no threat or promise and no pain inflicted. It is true that confessions or declarations made under arrest ought to be received with caution, but still if they are *entirely voluntary,* there can be no objection to them.

(3.) In addressing the jury the Solicitor alluded to the fact, that the prisoner had not accounted for having money after the death of the deceased, when he had none just before. The defendant objected to the remark as improper. His Honor told the jury that the law drew no inference against the defendant for not introducing evidence of any fact, unless it was necessary for his defence and peculiarly within his knowledge. In the first place, the remarks of the Solicitor were not objectionable; and in the next place his Honor's explanation gave to the defendant all the protection to which he was entitled.

There is no error. This will be certified, &c.

